20210. DREW *v.* THE STATE.

Decided March 4, 1930.

242

*Dampier & Watson,* for plaintiff in error.

*J. A. Merrill, solicitor,* contra.

LUKE, J. George Drew was convicted of possessing whisky, and his exception is to the overruling of his motion for a new trial, based upon the general grounds and two special grounds complaining of the admission of evidence.

It appears from the record that two officers armed with a search warrant went to the defendant's home when only his wife was there; that upon the insistence of the wife one of the officers went to a place indicated by her, to get the defendant before making a search of the premises; that the defendant was not found and the officer returned without him; that the other officer saw her come out of the house with a five-gallon keg of whisky under each arm; that before the officer could reach her she had knocked the head out of one keg and let the whisky run out on the ground, and was attempting to knock the head out of the other keg; and the last keg had about a gallon of whisky in it when the officer reached the scene.

The defendant stated that a Mr. Kennedy boarded with him and "had a room of his own," that he and Kennedy had been away from home a week before the whisky was found, and that he knew nothing of it.

Counsel for the plaintiff in error objected to the following testimony of a named witness, upon the grounds that it shed no light on the case, was hearsay, and put the defendant's character in issue: "I have heard about the defendant dealing in whisky. I had heard about him dealing in whisky before we made the raid. We had reports on this place as being a liquor joint before the raid was made. That was what we went for. We had reports that whisky was being kept there and sold by the defendant. That was why we made the raid." The court admitted the evidence for the purpose of rebutting the testimony of the defendant's witnesses that they had never heard of defendant's "fooling with whisky." Under the facts stated, this ground discloses no reversible error.

Special ground 2 is practically identical with the ground already considered. It likewise discloses no reversible error.

Under all the facts and circumstances of the case, we can not say

that the jury were not warranted in concluding that the whisky found at defendant's home belonged to him.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*